Filed 3/13/26  Watson v. Thompson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| COURTNEY WATSON,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TANGIE THOMPSON,<br><br>        Defendant and Appellant. | A171134<br><br>(Solano County<br>Super. Ct. No. CU24-00109) |

Tangie Thompson (Appellant) appeals from the trial court's order denying her anti-SLAPP motion (Code Civ. Proc., § 425.16).[1]  We affirm.

BACKGROUND

In January 2024, Courtney Watson (Respondent) filed the underlying request for a civil harassment restraining order against Appellant.[2]  Proof of service was filed later the same month.  In June 2024, Appellant filed an anti-SLAPP motion.  After briefing and a hearing, the court denied the

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] The underlying facts are not relevant to our resolution of the appeal.

1

motion as untimely. This appeal followed; Respondent did not file a brief on appeal.

## DISCUSSION

An anti-SLAPP motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (§ 425.16, subd. (f).) "A court 'enjoys considerable discretion' in determining 'whether to allow [a] late filing of an anti-SLAPP motion.' [Citation.] However, the court must exercise this discretion consistent with the purposes of the statute and must be mindful that the 60-day deadline is the general rule. [Citation.] . . . Thus, a 'trial court must be wary about freely granting a party the right to file an anti-SLAPP motion past the 60-day deadline.' " (*San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611, 624.)

Appellant does not dispute that her motion was untimely. Instead, Appellant asserts "the record shows that Appellant's anti-SLAPP motion was filed in response to ongoing and evolving allegations, and that there was no prejudice to Respondent from the timing of the motion." Appellant provides no record citations, analysis, or authority to support this claim. Appellant has not demonstrated the trial court's order was an abuse of discretion.

We therefore need not and do not decide Appellant's arguments about the merits of her anti-SLAPP motion. Appellant's arguments about events occurring after the appealed-from order are not properly before us. (See *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102 ["appellate courts review a trial court's judgment based on the record as it existed when the trial court ruled"].)

2

DISPOSITION

The order is affirmed.  Respondent shall recover her costs on appeal.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A171134)

3